IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

MARK DONALDSON,

    Plaintiff,

vs.

AT&T CORP., HOVG, LLC dba
BAY AREA CREDIT SERVICE LLC,
THE CBE GROUP, INC,
SOUTHWEST CREDIT SYSTEMS, L.P.,
DIVERSIFIED CONSULTANTS, INC., AND
ENHANCED RECOVERY COMPANY, LLC

    Defendants.

_____/

CASE NO. 18-CA-3027

2:18-CV-530-FtM-99CM

## COMPLAINT

COMES NOW the Plaintiff, MARK DONALDSON, by and through the undersigned counsel, and sues Defendant, AT&T CORP., HOVG, LLC dba BAY AREA CREDIT SERVICE LLC, THE CBE GROUP, INC, SOUTHWEST CREDIT SYSTEMS, L.P., DIVERSIFIED CONSULTANTS, INC. AND ENHANCED RECOVERY COMPANY, LLC (hereinafter collectively "Defendants") and alleges:

### Jurisdiction & Venue

1. This is an action for damages in excess of $15,000.00, excluding interest, costs and attorney's fees.

1. Jurisdiction and venue for purposes of this action are conferred by Florida Statute §559.77.

2. At all material times herein, the Plaintiff, MARK DONALDSON, was a resident of Lee County, Florida.

3. At all material times herein, the Defendant, AT&T CORP. (herein AT&T), a

Foreign Profit Corporation, One AT&T Way Bedminster, NJ 07921-0752 and engaged in its usual and customary business within Lee County, Florida.

4. At all material times herein, the Defendant, HOVG, LLC dba BAY AREA CREDIT SERVICE LLC (herein BACS), a Foreign Profit Corporation, 2701 EAST GRAUWYLER ROAD, IRVING, TX 75061 and engaged in its usual and customary business within Lee County, Florida.

1. At all material times herein, the Defendant, THE CBE GROUP, INC, a Foreign Profit Corporation, (herein CBE), 1309 Technology Parkway, Cedar Falls, IA 50613 and engaged in its usual and customary business within Lee County, Florida.

2. At all material times herein, the Defendant, SOUTHWEST CREDIT SYSTEMS, L.P., (herein SOUTHWEST), 4120 International Pkwy Ste 1100, Carrollton, TX 75007-1958 and engaged in its usual and customary business within Lee County, Florida.

3. At all material times herein, the Defendant, DIVERSIFIED CONSULTANTS, INC., a Foreign Profit Corporation, (herein DCI), 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256 and engaged in its usual and customary business within Lee County, Florida.

4. At all material times herein, the Defendant, ENHANCED RECOVERY COMPANY, LLC, a Foreign Profit Corporation, (herein ERC), 8014 Bayberry Rd., Jacksonville, FL 32256 and engaged in its usual and customary business within Lee County, Florida.

5. At all material times herein, the conduct of the Defendants complained of below, occurred in Lee County, Florida.

## Facts Common to All Counts

6. At all material times herein it was alleged by Defendants that Plaintiff had an account with AT&T, account number ending in 3405 (herein ACCOUNT).

7. At all material times herein the alleged debt associated with the ACCOUNT (herein DEBT) was a consumer debt as defined by Fla. Stat. 559.55(1).

8. At all material times herein Defendants through its employees, representatives, agents or apparent agents were attempting to collect monies with regard to the ACCOUNT.

9. On or about September 17, 2014, Plaintiff opened a prepaid ACCOUNT with no commitment with AT&T. *See Exhibit A*.

10. After cancelling the ACCOUNT Plaintiff continued to receive monthly statements. *See ACCOUNT Statements Exhibits B, C, D and Collection letters E, F and G*.

11. After numerous telephone calls to AT&T cancelling with ACCOUNT, AT&T failed to credit the ACCOUNT until the October 21, 2016 Billing Cycle. *See ACCOUNT Statement Exhibit H*.

12. On December 29, 2014, BACS sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit I*.

13. On February 25, 2015, BACS sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit J*.

14. On April 23, 2015, CBE sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit K*.

15. On June 7, 2015, CBE sent a DEBT Collection letter to Plaintiff regarding the

AT&T DEBT. *See Notice attached as Exhibit L.*

16. On October 23, 2015, SOUTHWEST sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit M.*

17. On April 20, 2016, DCI sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit N.*

18. On October 19, 2016, ERC sent a DEBT Collection letter to Plaintiff regarding the AT&T DEBT. *See Notice attached as Exhibit O.*

19. As the result of Defendants debt collection efforts set forth above the Plaintiff has been abused and harassed.

20. The Plaintiff has retained the undersigned attorney for the purpose of pursuing this matter against the Defendants and is obligated to pay said attorney a reasonable fee for his services. Further, Florida State Statute Section §559.77 provides for an award of attorney fees in favor of the Plaintiff should he prevail in this matter.

21. All conditions precedent to the filing of the action have occurred or have been waived by the Defendants.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. The allegations of paragraphs 1 through 21 of this Complaint are realleged and incorporated by reference.

23. The Defendants, AT&T, BACS, CBE, SOUTHWEST, DCI and ERC, are debt collectors, as defined by 15 U.S.C. § 1692a(6).

24. The Defendants, AT&T, BACS, CBE, SOUTHWEST, DCI and ERC, violated the FDCPA by multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt.

4

25. Violations of § 1692e (communicating information which is known to be false).

26. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

WHEREFORE, Plaintiff MARK DONALDSON demands a judgment for damages in his favor and against Defendants for his actual or statutory damages, whichever is greater, for his attorney's fees and costs, issue an injunctive order against Defendant enjoining it from taking any further steps to collect a debt which is not owed, and for any other relief the Court deems proper and just.

## COUNT II
## VIOLATIONS OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT

27. The allegations of paragraphs 1 through 21 of this Complaint are realleged and incorporated by reference.

28. Plaintiff is a consumer and the ACCOUNT between the parties is a consumer debt as defined in section 559.55(1), Florida Statutes.

29. Defendants through the acts of its authorized agents, have engaged in consumer collection practices which amount to a violation of section 559.72(9), Florida Statutes.

30. Plaintiff as a proximate result thereof has sustained economic damages for which he is entitled to compensation from the Plaintiff, pursuant to section 559.77, Florida Statutes.

31. Defendants' collection activities described herein violate the Florida Consumer Collection Practices Act, § 559.72, Florida Statutes in that they are claiming, attempting and threatening to collect and enforce a fraudulent debt, a prepaid account with no

5

commitment.

32. These acts were wrongful and predatory acts by Defendants and its authorized agents were wrongful, intentional, reckless, predatory and deceptive.

33. The Defendants are claiming, attempting and threatening to collect a debt when they knew or should have known that such conduct is in bad faith because AT&T charged Plaintiff and the Defendants attempted to collect money from Plaintiff that he did not owe.

34. As a result of the violations of Florida's Consumer Collection Practices Act, Plaintiff has been damaged and seeks to recover his actual or statutory damages, attorney's fees and costs from the Plaintiff under section 559.77, Florida Statutes.

35. As a proximate result of the Defendants unlawful actions set forth herein, Plaintiff continues to suffer the irreparable harm described above for which monetary compensation is inadequate.

WHEREFORE, MARK DONALDSON demands judgment for damages in his favor and against Defendants for its actual or statutory damages, whichever is greater, for her attorney's fees and costs, issue an injunctive order against Plaintiff enjoining it from taking any further steps to collect a debt which it does not own, and for any other relief the Court deems proper and just.

## COUNT III
### VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

36. The allegations of paragraphs 1 through 21 of this Complaint are realleged and incorporated by reference.

37. This is an action for injunctive and declaratory relief and for damages pursuant to

the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, et seq. (hereinafter "the Act").

38. At all times relevant hereto, Plaintiff MARK DONALDSON was a consumer as defined by section 501.203 (7), Florida Statutes.

39. At all times relevant hereto, Defendants were engaged in "trade or commerce" as defined by section 501.203 (8), Florida Statutes.

40. Defendants have violated the Act by engaging in unconscionable, unfair and deceptive acts and practices including, but not limited to, attempting to collect a debt Plaintiff does not owe and by other actions that may come to light through discovery.

41. Such acts and the prosecution of the case by Defendants constitutes deceptive business practices and are unconscionable.

42. Pursuant to section 768.72, Florida Statutes, Plaintiff reserves his right to amend this complaint to add a prayer for punitive damages upon a showing by evidence in the record providing a basis for recovery of such damages.

43. As a result of the violations of Florida's Unfair and Deceptive Trade Practices Act, Plaintiff has been damaged and seeks to recover his actual or statutory damages, attorney's fees and costs under sections 501.211 and 501.2105, Florida Statutes.

44. As a proximate result of the Plaintiff's unlawful actions set forth herein, Plaintiff continues to suffer the irreparable harm described above for which monetary compensation is inadequate.

WHEREFORE, Plaintiff MARK DONALDSON demands a judgment for damages in his favor and against Defendants for his actual or statutory damages, whichever is greater, for his attorney's fees and costs, issue an injunctive order against

Defendant enjoining it from taking any further steps to collect a debt which is not owed, and for any other relief the Court deems proper and just.

## DEMAND FOR JURY TRIAL

45. Plaintiff, Mark Donaldson, demands a trial by jury.

Respectfully submitted on this 28th day of June 2018.

                BERKE LAW FIRM, P.A.
                *Attorney for Plaintiff*
                4423 Del Prado Boulevard S.
                Cape Coral, FL 33904
                (239) 549-6689

BY: _____
      Bill B. Berke, Esq.
      Florida Bar No. 558011